IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCY ANN FERTIG,                         3:13-cv-02093-BR

          Plaintiff,                      OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


**NANCY ANN FERTIG**
15898 Twin Drive
La Pine, OR 97739

          Plaintiff, *Pro Se*

**BILLY J. WILLIAMS**
Acting United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2733

            Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Nancy Ann Fertig seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which she denied Plaintiff's application

for Disability Insurance Benefits (DIB) under Title II of the

Act.  This Court has jurisdiction to review the Commissioner's

decision pursuant to 42 U.S.C. § 405(g).

     In response to Plaintiff's Opening Brief, Defendant filed a

Motion (#61) for Remand in which Defendant acknowledges the ALJ

made errors that necessitate a remand to the Commissioner for

further administrative proceedings.  Following a thorough review

of the record, the Court **GRANTS** Defendant's Motion (#61) for

Remand, **REVERSES** the final decision of the Commissioner and

**REMANDS** this matter for further administrative proceedings

consistent with this Opinion and Order.


### ADMINISTRATIVE HISTORY

     Plaintiff filed her applications for DIB and Supplemental

2 - OPINION AND ORDER

Security Income (SSI) on February 2, 2010.  Tr. 14.[1]  Plaintiff's application for SSI was denied, however, because her family income is too high to qualify for SSI.  Plaintiff does not appeal that determination.

Plaintiff's application for DIB was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 31, 2012.  Tr. 31.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 31.

The ALJ issued a decision on February 15, 2012, in which he found Plaintiff is not entitled to benefits.  Tr. 14-26.  That decision became the final decision of the Commissioner on September 20, 2013, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 2, 1950; was 61 years old on the date of the hearing; and has a high-school diploma and three years of college education.  Tr. 140, 179, 209.  Plaintiff has prior relevant work experience as a caregiver, bookkeeper, and "bookkeeper and tax preparer."  Tr. 25, 56.

---

[1] Citations to the official transcript of record filed by the Commissioner on September 19, 2014, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleges disability since August 15, 2008, due to chronic depression, arthritis, heart disease, hypertension, double bypass surgery, carpal-tunnel syndrome with "trigger" fingers, varicose veins, bilateral knee replacements, bunions, cataracts, and gastric-bypass surgery.  Tr. 208.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17-25.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

4 - OPINION AND ORDER

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The

6 - OPINION AND ORDER

criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

*See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser,* 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since August 15, 2008, her alleged onset date.  Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of "status post coronary artery bypass graft in 2007"; "status post gastric bypass on September 27, 2007"; "status post total knee replacement on the left on August 28, 2006"; "total knee replacement on the right on May 11, 2009"; iron-deficiency anemia; varicose veins; a personality disorder

(pathological gambling); and depression.  Tr. 17-18.

   At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 18.  In her assessment of Plaintiff's RFC, the ALJ found Plaintiff has the functional capacity to lift and to carry 20 pounds occasionally and 10 pounds frequently, to stand and/or to walk for two out of eight hours, and to sit for six hours in an eight-hour workday.  Tr. 18-25

   At Step Four the ALJ found Plaintiff is able to perform her past relevant work as a bookkeeper.  Tr. 25.

   Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 25-26.


## **DISCUSSION**

   Plaintiff contends the ALJ erred when he (1) did not list Plaintiff's gout, arthritis, "trigger fingers," and carpal-tunnel syndrome in her hands as severe impairments at Step Two; (2) rejected the opinion of examining psychologist Harold W. Mesberg, Ph.D.; (3) failed to include limitations related to Plaintiff's mental-health conditions in his assessment of Plaintiff's RFC; and (4) found at Step Four that Plaintiff can return to her past relevant work as a bookkeeper.

I.    **Step Two**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§ 416.921(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervisors, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted). To be included at Step Two the record evidence concerning an impairment must include "signs - the results of 'medically

10 - OPINION AND ORDER

acceptable clinical diagnostic techniques,' such as tests – as well as symptoms, *i.e.*, [the claimant's] representations regarding [her] impairment." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two if the ALJ properly considers the omitted condition later in the sequential analysis. *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

Plaintiff contends the ALJ erred when he failed to include any conditions related to Plaintiff's hand impairments at Step Two. Plaintiff specifically contends the ALJ failed to include gout, carpal-tunnel syndrome, "trigger fingers," and hand arthritis as severe impairments at Step Two, and, together with her Motion (#55) for Relief (which this Court has construed as Plaintiff's opening memorandum), Plaintiff submits new evidence regarding treatment of various hand conditions.

The ALJ did not find Plaintiff's hand conditions were severe at Step Two on the grounds that Plaintiff's complaints regarding her hand problems were "sporadic and infrequent" and there was not any "confirmed diagnosis." Tr. 18. At the hearing Plaintiff

reported she has "problems with [her] hands," including arthritis, gout in her left thumb, trigger fingers, and carpal-tunnel syndrome.  Tr. 43, 45.

On March 13, 2009, Plaintiff reported to her primary-care provider Mark Backus, M.D., that the "ring fingers on both hands will dislocate and cramp up" if Plaintiff "grips something hard." Tr. 539.  On examination Dr. Backus noted "[t]rigger fingers on both ring fingers proximal interphalangeal joint" and noted his diagnosis of trigger fingers was "pretty certain."  Tr. 540-41. At that time, however, Plaintiff declined Dr. Backus's referral to a specialist for her trigger fingers.  Tr. 541.  On December 15, 2009, Plaintiff requested a referral for surgery on her trigger fingers.  Tr. 551.  On March 28, 2011, Plaintiff again complained of hand and wrist limitations that primarily focused on Plaintiff's left wrist.  Tr. 645.  On examination Dr. Backus noted Plaintiff's left wrist was "obviously swollen" and "warm to the touch," which Dr. Backus concluded was "most likely gout."

Although the ALJ was correct to note Plaintiff's complaints regarding hand limitations were relatively sporadic throughout the record, Plaintiff's medical records and testimony establish sufficient signs and symptoms of hand conditions to warrant inclusion of hand limitations as severe impairments at Step Two. See Ukolov, 420 F.3d at 1005.  Accordingly, on this record the

Court concludes the ALJ erred by failing to account for Plaintiff's hand limitations at Step Two.  This error is not harmless because the ALJ did not specify any limitations in the RFC related to Plaintiff's hand limitations.

As to the additional evidence submitted to this Court by Plaintiff, this Court may not consider any such evidence, but may remand to the Commissioner with instructions to consider new evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  "Such good cause exists if 'new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding.'" *Smith v. Comm'r Soc. Sec. Admin.*, No. 13-35441, 2015 WL 2251047, at *1 (9th Cir. May 14, 2015)(quoting *Kay v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)).

Most of the new evidence that Plaintiff submits are medical records from the time after the Commissioner issued her final decision.  Many of those medical records detail treatment of Plaintiff's hand and wrist conditions, including surgery for carpal-tunnel syndrome.  This medical evidence is material, and good cause exists for Plaintiff's failure to incorporate that evidence into the record in light of the fact that most of the

evidence arose after the Commissioner issued her final decision, but before Plaintiff's last date insured on March 31, 2014.

Accordingly, on this record the Court also concludes the Commissioner shall consider the new medical evidence submitted to this Court with Plaintiff's Motion (#55) for Relief.

## II.  Dr. Mesberg's Opinion

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Taylor v. Comm'r of Soc. Sec.,* 659 F.3d 1228, 1232 (9th Cir. 2011).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 821, 830-31 (9th Cir. 2010)(quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a treating physician is "given greater weight than the opinions of other physicians." *Kelly v. Astrue*, 471 F. App'x 674, 676 (9th Cir. 2012)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996)).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  *See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "The opinion of a nonexamining physician cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Taylor,* 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831).   When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so with specific and legitimate reasons supported by substantial evidence.   *See, e.g., Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).   "An ALJ may reject a . . . physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation marks omitted)(quoting *Morgan v. Comm'r of Soc. Sec.,* 169 F.3d 595, 602 (9th Cir. 1995)).   *See also Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)("[A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted.").

Dr. Mesberg conducted a "Social Security Disability Evaluation" of Plaintiff at the referral of Plaintiff's attorney. Dr. Mesberg found Plaintiff to be a "very intelligent and perspicacious individual" and that Plaintiff suffered "deep neurotic conflicts largely resulting from severe emotional abuse that she suffered as a child."  Tr. 599.  After extensively

discussing Plaintiff's self-reported history and conducting the
Personality Assessment Inventory examination that "showed high
scores in suicidal feelings, anxiety and depression" as well as
"in anti-social behavior and traumatic stress," Dr. Mesberg
concluded Plaintiff "is not an individual with a psychosis or any
other obviously disabling mental illness," but Plaintiff had
"sever[e] neurotic conflicts which are of a debilitating
intensity."  Tr. 601.  After opining that Plaintiff's "emotional
conflicts have closely interacted with her physical problems in a
downward spiral and negative synergy," Dr. Mesberg concluded
"[w]hile her emotional conflicts, however, intense, might not be
completely debilitating, the interaction with her extensive
medical problems does constitute a very substantial impairment."
Tr. 602.

     The ALJ gave Dr. Mesberg's opinion "no weight" because
(1) Plaintiff's mental-health treatment notes reflect stability
with medication, refusal of additional medication and counseling,
and only sporadic attendance at counseling sessions; (2) Dr.
Mesberg relies "almost entirely" on Plaintiff's self-reported
symptoms; and (3) Dr. Mesberg did not assess specific mental
limitations.  Dr. Mesberg's opinion was contradicted by the
nonexamining opinion of Bill Hennings, Ph.D., in which Dr.
Hennings determined Plaintiff did not have any severe mental
impairments.  Tr. 67-68.  Accordingly, the ALJ was required to

16 - OPINION AND ORDER

identify specific and legitimate reasons to reject Dr. Mesberg's opinion.  *See Ryan*, 528 F.3d at 1198.

The ALJ's reasons amount to clear and convincing reasons to reject Dr. Mesberg's opinion.  The ALJ is correct that the vast majority of Dr. Mesberg's opinion is based on Plaintiff's self-report of symptoms and social and medical history.  This is a compelling reason for the ALJ to reject Dr. Mesberg's opinion because the ALJ properly discredited Plaintiff's testimony.[2] Moreover, the ALJ was correct that Dr. Mesberg failed to assess any specific mental limitations that could be translated into limitations in the ALJ's assessment of Plaintiff's RFC.

Accordingly, on this record the Court concludes the ALJ did not err when he rejected Dr. Mesberg's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. Incorporation of Plaintiff's Mental Limitations into the RFC**

Plaintiff next contends the ALJ erred in his assessment of Plaintiff's RFC because the ALJ's conclusion that Plaintiff did not have any work-related mental limitations is not supported by the record.

---

[2] Plaintiff does not explicitly assign error to the ALJ's rejection of her testimony.  Because Plaintiff is proceeding *pro se*, however, the Court has, nonetheless, examined the ALJ's stated reasons for rejecting Plaintiff's testimony (*see* Tr. 19-23) and concludes they constitute clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's testimony.

17 - OPINION AND ORDER

As noted, substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine*, 574 F.3d at 690).

In his assessment of Plaintiff's RFC the ALJ concluded Plaintiff has "no work-related mental limitations." Throughout the course of his opinion the ALJ noted Plaintiff missed counseling appointments, at times declined to pursue psychotherapy and additional mental-health medication, and showed improvement with medication.

Although the ALJ correctly cited instances in which Plaintiff demonstrated reluctance to pursue additional mental-health treatment and saw improvement with medication, the record, viewed as a whole, does not provide "relevant evidence that a reasonable mind might accept as adequate to support" the conclusion that Plaintiff has *no* work-related mental limitations. *See Molina*, 674 F.3d. at 1110-11 . There is significant evidence in the record (including records of a week-long stay in a mental-health treatment facility after a suicide attempt) that demonstrates Plaintiff has been engaged in a long-term struggle with depression and gambling addiction. The evidence that the ALJ relied on may support a finding that Plaintiff's mental limitations are not as significant as Plaintiff alleges, but that evidence does not support the conclusion that Plaintiff does not

have any work-related mental limitations.

Accordingly, the Court concludes the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence in the record.

## IV.  Step Four

Plaintiff next contends the ALJ erred in his conclusion that Plaintiff can perform her past relevant work as a bookkeeper because such employment is not possible in light of Plaintiff's gambling addiction.  The Court, however, need not resolve this issue because the ALJ's Step Four finding was based on the ALJ's erroneous assessment of Plaintiff's RFC.


## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).

In light of the ALJ's errors at Step Two and in his

19 - OPINION AND ORDER

assessment of Plaintiff's RFC as well as the materiality of the
new evidence submitted by Plaintiff to this Court, the Court
concludes further administrative proceedings are necessary.
Because the ALJ made multiple significant errors, the Court
concludes it is not possible for the Commissioner to reach a
disability determination without performing a comprehensive
reevaluation of the record.  On remand, therefore, the
Commissioner must assign the matter to a different ALJ to make a
new disability determination based on the entirety of the record,
including the newly-submitted medical evidence.  *See Reed v.
Massanari*, 270 F.3d 838, 845 (9th Cir. 2001)(instructing the
Commissioner to assign a remanded matter to a different ALJ).
*See also Jeffries v. Astrue*, 254 F. App'x 601, 603 (9th Cir.
2007)(same).


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#61)
for Remand, **REVERSES** the final decision of the Commissioner, and
**REMANDS** this matter pursuant to sentence four of 42 U.S.C.
§ 405(g) for further administrative proceedings consistent with

this Opinion and Order with instructions that the matter be assigned to a different ALJ.

IT IS SO ORDERED.

DATED this 31st day of August, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge